IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRENDA WATTS,

      Plaintiff,

v.                                                      No. 20-cv-00452-WPJ-JFJ

FREEMAN HEALTH SYSTEM,
a Missouri Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS/TRANSFER

**THIS MATTER** comes before the Court[1] upon Defendant Freeman Health System's ("Defendant") Motion to Dismiss/Transfer this matter pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), filed November 4, 2020. Doc. 13. Plaintiff Brenda Watts ("Plaintiff") timely responded in opposition, Doc. 15, to which Defendant replied. Doc. 16.

## BACKGROUND[2]

Plaintiff is a resident of Grove, Delaware County, Oklahoma. Doc. 11 at ¶ 1 (First Amended Complaint). In March of 2018, Plaintiff traveled approximately 35 miles to Joplin, Missouri seeking treatment for a thyroid mass from Defendant. *Id.* at ¶¶ 18, 32. Defendant is a health care company incorporated and headquartered in Missouri, that owns and/or leases and operates medical facilities in Missouri, Kansas, Arkansas, and Oklahoma. *Id.* at ¶¶ 2–3. Plaintiff was treated by Defendant's employee, Dr. Scott McClintock. *Id.* at ¶ 32. On April 10, 2018, Dr.

---

[1] Chief United States District Court Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

[2] The following facts derive from Plaintiff's First Amended Complaint (Doc. 11), which, as the Court must on a motion to dismiss, are taken as true, but only to the extent they are uncontroverted by the defendant's evidence. *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998).

McClintock performed a right thyroid lobectomy on Plaintiff at Freeman Hospital West in Joplin, Missouri. *Id.* at ¶ 33. Plaintiff alleges that, because of the April 10, 2018, procedure performed by Dr. McClintock, her right vocal cords suffered nerve damage and were paralyzed. *Id.* at ¶ 43. Plaintiff alleges that Dr. McClintock should have known about and informed her of the injury to her vocal cords when she presented to him on May 18, 2018, with complaints of hoarseness and discomfort. *Id.* at ¶¶ 36–41.

Plaintiff filed this action on September 9, 2020, in the Northern District of Oklahoma. *See* Docs. 2, 11. She alleges that Dr. McClintock's failure to diagnose or inform her of the vocal cord damage fell below the standard of care and resulted in injuries. *Id.* at ¶¶ 41, 48–52. Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332 and concludes venue is proper here because Defendant is considered a resident of this judicial district pursuant to § 1391(c)(2). *Id.* at ¶¶ 27, 30.

Defendant disagrees. Defendant argues that venue is not proper in the Northern District of Oklahoma and that this Court does not have personal jurisdiction over it. *See* Doc. 13. In response, Plaintiff points to her allegations in the Amended Complaint stating Defendant operates medical facilities in Oklahoma and markets its health services in northeast Oklahoma via its website, television advertisements, and a local directory. Doc. 11 at ¶¶ 3–13. Plaintiff argues these allegations establish minimum contacts rendering Defendant subject to personal jurisdiction in Oklahoma. *See* Doc. 15.

## **STANDARD**

Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff has the burden of establishing that venue is proper in this district.
2

*Titsworth v. Hodge*, 2018 WL 3312985, at *2 (E.D. Okla. July 3, 2018) (citing *Graymore, LLC v. Gray*, 2007 WL 1059004, at *14 (D. Colo. April 6, 2007)); *see also Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). In assessing whether a plaintiff has met this burden, the facts alleged in the complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence. *See Pierce*, 137 F.3d at 1192. Further, the Court may consider evidence outside the complaint such as a party's affidavits. *See id.* The standards for deciding a motion to dismiss for improper venue are generally the same as for deciding a motion to dismiss for want of personal jurisdiction. *Titsworth*, 2018 WL, at *3.

## **DISCUSSION**

Plaintiff, a citizen of Oklahoma, is suing Defendant, a citizen and resident of Missouri, for events that substantially occurred in Missouri. For the reasons explained below, such scenario is insufficient to establish proper venue and personal jurisdiction over the Defendant in the Northern District of Oklahoma.

    I.    **Venue**

To determine if transfer is appropriate under Section 1406, the Court must first determine whether venue is proper or improper in the Northern District of Oklahoma. The question of whether venue is proper in a particular federal district court is governed by 28 U.S.C. § 1391. Section 1391 states that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated; or

(3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The parties agree Section 1391(b)(1) governs this dispute. *See* Doc. 15, at 4; Doc. 15, at 2 n.1. The Court, then, must determine if the Defendant is a resident of Oklahoma. Section 1391(c)(2) provides:

> For all venue purposes – an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

28 U.S.C. § 1391(c)(2). Therefore, to determine if the Defendant is a resident of the Northern District of Oklahoma for venue purposes, the Court must determine if it is subject to this Court's personal jurisdiction with respect to this civil action.

## II. Personal Jurisdiction

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Oklahoma's long-arm statute, 12 O.S. § 2004(F), provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." *Tarver v. Ford Motor Co.*, 2016 WL 7077045, at *2 (W.D. Okla. Dec. 5, 2016) (quotation omitted). The long-arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. *Id.* (citing *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988)).

There are two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb*

4

*Co. v. Super. Ct. of Cali.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).

### A. General Jurisdiction

"[A] court may assert [general] jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum state.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear*, 564 U.S. at 919). Absent exceptional circumstances—"where a corporation's operations in a forum other than its formal place of incorporation or principal place of business [are] so substantial and of such a nature as to render the corporation at home in that State"—a corporation is only at home in its state of incorporation and principal place of business. *Daimler*, 571 U.S. at 137–39, 139 n. 19 (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)); *see also Thompson v. Ford Motor Co.*, 2019 WL 4645446, at *2 (D. Colo. Sept. 24, 2019).

Here, the Amended Complaint states Defendant is "incorporated under the laws of the state of Missouri and head-quartered in Missouri." Doc. 11 at ¶ 2. Plaintiff does not allege or argue that Defendant is considered "essentially at home" in Oklahoma. Therefore, taking Plaintiff's allegations as true, the Court does not have general jurisdiction over Defendant and the Court must consider specific jurisdiction.

### B. Specific Jurisdiction

"Specific jurisdiction is very different." *Bristol-Myers*, 582 U.S. at 262. In order for a court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*. *Id.*; *see also Daimler*, 571 U.S. at 127. In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that

takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919) (internal quotation marks and brackets omitted)). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 582 U.S. at 262 (internal quotation marks omitted).

The specific jurisdiction analysis is a two-step inquiry. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). First, the Court must consider "whether 'the defendant's conduct and connection with the forum are such that he should reasonably be anticipated being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980)). Second, "if the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Benton*, 375 F3d at 1075 (internal quotation marks omitted).

"The 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermillon Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Plaintiff focuses on Defendant's conduct she contends was purposefully directed towards Oklahoma. *See* Doc. 15, at 8–15. In contrast, Defendant emphasizes that Plaintiff's alleged injuries do not arise out of its forum-related activities. *See* Doc. 16, at 2–5.

Accepting without deciding that Defendant did purposefully direct its activities at residents in Oklahoma, the Court concludes Plaintiff has not satisfied the second element of the minimum contact standard, that her injuries must arise out of defendant's forum-related activities. *See*

*Bristol-Myers*, 582 U.S. at 262 ("Specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."). In *Gray v. Acadia Healthcare Company, Inc.*, the plaintiff initiated a suit in New Mexico against an Oklahoma entity. 408 F. Supp. 3d 1250, 1252 (D.N.M. Oct. 1, 2019). The plaintiff was a resident at the defendant's hospital in Oklahoma when she was allegedly raped. *Id.* The defendant moved to transfer venue arguing venue was improper in New Mexico. *Id.* The plaintiff argued the defendant was subject to specific jurisdiction in New Mexico because "[d]efendant [] used the New Mexico Children, Youth and Family Department (CYFD) as a referral source to place New Mexico residents at its hospital and because [d]efendant [] had communications with CYFD about placing [p]laintiff at [defendant's] hospital." *Id.* at 1253. The district court rejected this argument. "Plaintiff's claimed injuries, however, do not arise out of a referral or [defendant's] communications with CYFD, but rather the alleged rape at [defendant's hospital] in Ada, Oklahoma." *Id.* at 1253–54. The Court concluded it did not have specific jurisdiction over the defendant rendering venue improper and transferred the case to the Eastern District of Oklahoma. *Id.* at 1254–55.

In another case, an Oklahoma resident sued Sparks Health System and Fort Smith HMA, LLC, Arkansas companies, along with doctors who resided in Arkansas in the Eastern District of Oklahoma. *Titsworth v. Hodge*, 2018 WL 3312985, at *1 (E.D. Okla. July 3, 2018). The plaintiff fell at his home in Oklahoma and traveled to Arkansas to seek treatment at Sparks Regional Medical Center. *Id.* at *1.[3] The defendants moved to transfer venue or dismiss for improper venue. *Id.* Section 1391(b)(1) was not at issue the case. *Id.* at *2. The district court concluded that a substantial part of the events or omissions giving rise to the claim did not occur in Oklahoma for

---

[3] Fort Smith HMA, LLC—owned by Sparks Health System—ran Sparks Regional Medical Center.

7

purposes of Section 1391(b)(2). *Id.* at *3. The plaintiff argued that a substantial part of the events or omissions occurred in Oklahoma because he made a call from his house in Oklahoma to one of the nurses in Arkansas. *Id.* The district court rejected this argument, stating "the phone call made by the [p]laintiff in Oklahoma is not a substantial part of events giving rise to the claims." *Id.* The district court further noted the plaintiff did not allege that any wrongdoing occurred in Oklahoma. *Id.* Instead, "[t]he crux of the cause of action relates to the alleged negligent treatments in Ft. Smith, Arkansas, and the phone call appears to be tangential to this treatment, rather than having a close nexus to his claims." *Id.* Even though personal jurisdiction was not disputed, the district court considered it anyways. *Id.* Relying on the district court's discussion concerning whether or not a substantial part of the events occurred in Oklahoma, the court concluded "there is insufficient relationship between the [p]laintiff's cause of action and the [d]efendants' contacts with Oklahoma. *Id.* at *4. The district court went on to consider general jurisdiction and ultimately held it did not have personal jurisdiction over the defendants. *See id.*

So too, here, is there an insufficient connection between Defendant's Oklahoma activities and Plaintiff's claims. *Thompson*, 2019 WL 4645446, at *5 ("[T]here is not a sufficient connection between [defendant's] activities in Colorado and [p]laintiff's claims—put differently, her injuries did not arise out of [defendant's] forum-related activities."). Plaintiff's alleged injury—paralyzed vocal cords—did not arise out of Defendant's Oklahoma related activities, i.e., Defendant's locations in Oklahoma; Defendant's Oklahoma marketing efforts; or Defendant's phone call to Plaintiff in Oklahoma. This Court does not have specific jurisdiction over *this* controversy. Therefore, Defendant does not reside in Oklahoma for venue purposes, and venue is improper in the Northern District of Oklahoma.

8

Case 2:23-cv-05095   Document 27   Filed 10/30/23   Page 8 of 9

Venue is proper in the Western District of Missouri. Defendant's principal place of business is in the Western District of Missouri (Doc. 13, at ¶ 2) and the conduct resulting in the alleged injuries occurred in the Western District of Missouri. The Court, in the interests of justice and rather than dismissal, transfers the case to the United States District Court for the Western District of Missouri. 28 U.S.C. § 1406(a).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Freeman Health System's Motion to Transfer is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** such that venue is transferred to the Western District of Missouri. It is **DENIED** such that the Court declines to dismiss the action.

**IT IS FURTHER ORDERED** that the Clerk of the Court **TRANSFER THE ABOVE-CAPTIONED CASE** to the United States District Court for the Western District of Missouri.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE